BERRY et v. PUGH et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1900. Decided Jan. 9, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**157. BLUE SKY LAW.**

Provisions of 6373-18 GC. not confined to public offering by company of its securities, but includes individual subscription thereto or purchase thereof. Term "security," as therein used, includes stock certificates of corporation.

Error to Common Pleas.
Judgment affirmed.

Denman, Miller & Wall, Toledo, for Berry.

Miller, Brady & Yager; Boggs & Doty, and Tracy, Chapman & Welles, Toledo, for Pugh et.

STATEMENT OF FACTS.

Edwin J. Pugh secured a judgment against Benjamin Berry, Merle Berry and Albert Fabian. This judgment was rendered in an action by him to recover damages for alleged misrepresentations which he claimed induced him to purchase $40,000 of stock of The B. A. Berry Packing Co. of which Benjamin Berry was President and Albert Fabian, secretary, and of which the other three defendants were directors. It was claimed that Benjamin Berry, on three different occasions, called upon the plaintiff at his house, and represented to him that the company was doing a good business, and made other representations as to the profits and financial condition. It was also claimed by plaintiff that at his request a financial statement of the condition of the company, authorized and approved by its board of directors, was furnished to him, and that, in reliance thereon, and upon personal representations of Benjamin Berry, he purchased, and paid in cash therefor, $40,000 worth of the stock.

Shortly thereafter a receiver for the company was appointed and its property and assets were sold, the proceeds thereof being insufficient to pay the claims of creditors. Benjamin Berry denied having made any of the statements accredited to him by Pugh; and it was contended by him and the other defendants that Pugh was informed of and clearly understood the critical financial condition of the company and invested his money therein with full knowledge thereof.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LLOYD, J.

The record discloses a direct conflict in the evidence as to the value of the property and assets of the company at the time of the transaction in question and as to what was said and done by the respective parties, which it was peculiarly the province of the jury to determine under proper instructions of the trial judge. His charge stated the issues involved, and the law applicable thereto, with exceptional aptness and clarity of expression. As between Benjamin Berry and the plaintiff Pugh, there existed not only the question as to whether or not he made the personal representations with which the plaintiff charged him, but also the question of his liability as a director of the company, because of the facts narrated in the financial statement. As to the other defendants, the only claim was that, as directors of the company, they were responsible for the information contained in the financial statement which had been approved by them at a meeting of the board of directors of the company and, by authority and direction of the board, given to plaintiff. Having been authorized and approved by the board of directors for the express purpose of furnishing information to Pugh as to the claimed financial condition of the company, it became the statement of the company and of its directors, as distinguished from a personal statement of an individual officer or director thereof, and the trial judge, in his charge, instructed the jury as to the liability or non-liability of the directors of the company, in conformity to the provisions of Section 6373-18 GC. The important question then is whether or not this section of the code is applicable to the issues here involved.

With the contention of plaintiffs in error, that the liability of a company and its directors, within the provisions of this section, relates to public offerings, by a company, of its securities, as distinguished from an individual subscription thereto or purchase thereof, we do not agree.

The term "security", as therein used, includes stock certificates of a corporation.

Construing this statute literally, it would seem to us to be applicable to the issues involved in the instant case and that the trial judge correctly charged the jury with respect thereto.

It seems evident to us that the language of this section clearly indicates that the words "circular", "prospectus" and "statement" refer

to different forms or kinds of advertisement, since the words "or advertisement of any kind" are obviously intended to include any other written or printed information not within the preceding enumerated classes thereof.

The various sections of Chapter 27-A, Title II, Police Regulations of the General Code, to and including Section 6373-24 thereof, were enacted to protect those, one or many, who purchase securities of the character described therein, under the circumstances and from the persons or companies therein enumerated; and we see no hardship in requiring ᐧthe utmost frankness and honesty in dealing with respect thereto.

The evidence being in conflict, it was for the jury to say what the facts were. Finding no error in the record prejudicial to plaintiffs in error, the judgment will be affirmed.

(Richards and Williams, JJ. concur.)